## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| MARA HOLMES, )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>CUTCHALL MANAGEMENT KANSAS LLC, )<br>d/b/a Famous Dave's )<br>Serve:    Registered Agent )<br>           National Registered Agents, Inc. )<br>           2101 SW 21st Street )<br>           Topeka, Kansas 66604 )<br>)<br>       Defendant. ) | Case No.: 10-CV-2672 EFM/KGG<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, plaintiff Mara Holmes, and states and alleges as follows for her Complaint against the above named defendant:

### Introduction

1. Plaintiff, while an employee of Famous Dave's located at The Legends in Kansas City, KS, was subjected to unlawful discrimination and termination on the basis of her disability.

2. Plaintiff seeks compensatory and punitive damages against defendant.

### Parties

3. Plaintiff is now and was at all times relevant herein a resident of the State of Kansas.

4. At all times relevant herein plaintiff suffered from a disability in the form of seizures that interfered with major life activities.

5. Plaintiff was a qualified individual with disability in that she could perform the essential functions of her employment position with or without reasonable accommodations.

6. Defendant is a Kansas corporation in good standing and authorized to do business in the State of Kansas. Defendant engages in an industry affecting commerce and has the requisite number of employees to be covered by the Americans with Disabilities Act, 42 U.S.C. § 1201 *et seq.*

## Jurisdiction and Venue

7. All of the alleged acts of discrimination and wrongdoing occurred in Kansas City, Kansas, making this Court the appropriate forum.

## Factual Allegations

8. Plaintiff began her employment with Famous Dave's on or about April 19, 2006.

9. Plaintiff was thereafter terminated on or about July 14, 2009.

10. At the time of her termination plaintiff was a server.

11. On or about July 12, 2009 plaintiff suffered a seizure prior to her work shift.

12. Following the seizure and on that same day, plaintiff's family members called defendant and informed them that plaintiff had suffered a seizure and was in the emergency room.

13. Plaintiff had suffered seizures in the past and based on information and belief, plaintiff's supervisors were aware of this fact.

14. Plaintiff returned to work on July 14, 2009 which was her next scheduled shift.

15. When she arrived at work on July 14, 2009, plaintiff provided her shift supervisor Ryan McDonnell a doctor's note stating that she had suffered a seizure on July 12, 2009 and was out of work for that reason.

16. He responded that plaintiff should provide the note to his mother, Jeri McDonnell, the General Manager of the restaurant.

17. Ryan McDonnell, the shift supervisor also stated in his conversation with plaintiff that because this was her second seizure she would likely lose her license.

18. In response plaintiff stated that if that did occur she would find transportation to and from work.

19. Thereafter and on July 14, 2009, plaintiff met with the General Manager, Jeri McDonnell, and provided the doctor's note to her as well. Jeri McDonnell also expressed concern about plaintiff losing her license and not be able to drive because of her seizures.

20. Jeri McDonnell looked over the doctor's note and then told Plaintiff she was terminated for a no call/no show that allegedly occurred on June 23, 2009.

21. At no time prior to July 14, 2009, which was when plaintiff provided the note to management regarding her medical condition, had she been disciplined for the alleged no call/no show of June 23, 2009.

22. Since July 12, 2009 plaintiff has suffered additional seizures and is prescribed anti seizure medication.

23. Plaintiff was terminated for unlawful reasons and the conduct set forth herein violates the Americans with Disabilities Act, 42 U.S.C. §1201 *et seq.*

## Condition Precedent

*24.* Plaintiff filed a timely Charge of Discrimination and Amended Charge of Discrimination. *A copy of the Amended Charge is attached hereto as Exhibit A and incorporated herein by reference.*

*25.* Plaintiff received her right to sue notice from the Equal Employment Opportunity Commission. *A true and accurate copy is attached hereto as Exhibit B and incorporated herein by reference.*

26. This action is timely filed and plaintiff has met all conditions precedent to filing this action.

## Count I – Violation of the Americans with Disabilities Act

27. Plaintiff incorporates herein by reference the allegations in the preceding paragraphs as though fully set forth herein.

28. The conduct and actions of the above described perpetrators were performed on the basis of plaintiff's disabilities and constitutes discrimination based on disability.

*29.* By terminating plaintiff from her position following her seizure and making reference to a concern that plaintiff would no longer be able to drive because of her seizure disorder, defendant engaged in conduct prohibited by the Americans with Disabilities Act, 42 U.S.C. §1201 *et seq.*

30. The conduct and actions of the above described perpetrators as discussed herein was conducted on the basis of plaintiff's disabilities and constituted discrimination on the basis of her disability.

31. The conduct described herein caused to suffer plaintiff emotional distress and lost wages.

32. The conduct described herein would have detrimentally affected a reasonable person in plaintiff's position.

33. Defendant's treatment of plaintiff was punitive in nature and based upon plaintiff's status as a disabled person, as was its termination of plaintiff following her seizure.

34. Supervisory and administrative level employees knew or should have known of the discrimination based on disability described herein but failed to address the problem, and further failed to implement effective and appropriate procedures to stop the discrimination.

35. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of plaintiff and therefore plaintiff is entitled to punitive damages from defendant to punish and deter defendant and others from like conduct.

36. At all times mentioned herein, before and after, the above mentioned perpetrators were agents, servants, and employees of defendant and were at all such times acting within the scope and course of their employment, and/or their actions were expressly authorized by defendant corporation and/or their actions were ratified by defendant corporation, thus making defendant liable for said actions under the doctrine of respondent superior.

WHEREFORE, for the above and foregoing reasons, plaintiff prays for judgment against defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination prohibited by 42 U.S.C. §1201 *et seq.*; for an award of compensatory and punitive damages; for her costs expended; for her reasonable

attorneys' fees, and for such other relief as this Court deems just and proper, including equitable relief.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on all questions of fact raised in this Complaint.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Kansas City, Kansas, as the place of trial.

          HOLMAN SCHIAVONE, LLC

    By:  s/Anne Schiavone
        Anne Schiavone, KS Bar# 19669
        Sophie Woodworth, KS Bar# 21754
        4600 Madison Avenue, Suite 810
        Kansas City, Missouri 64112
        Telephone: 816.283.8738
        Facsimile: 816.283.8739
        Email: aschiavone@hslawllc.com
        Email: swoodworth@hslawllc.com

        ATTORNEYS FOR PLAINTIFF

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 563-2010-00568 |

Kansas Human Rights Commission and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mara (Dillon) Holmes | 913.671.0663 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 3314 North 59th Street, | Kansas City, Kansas 66104 | ▮▮90 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Cutchall Management Kansas LLC d/b/a Famous Dave's | 25 + | 913-334-8646 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| The Legends, 1320 Village West Parkway, | Kansas City, KS 66111 | Wyandotte |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ AGE
☐ RETALIATION ☐ NATIONAL ORIGIN ☒ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): 7/14/09   LATEST (ALL): PRESENT
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Famous Dave's on or about April 19, 2006. I was terminated on or about July 14, 2009. At the time of my termination I was a server. On or about July 12, 2009 I suffered a seizure prior to my work shift while at home. This was the second seizure that I had suffered in approximately a year. Based on information and belief, my supervisors were aware of my previous seizure. On July 12, 2009, following my seizure, family members called Famous Dave's to let them know that I would not be able to make my work shift because of the seizure. I returned to work on July 14, 2009 which was my next scheduled shift. When I arrived I handed my shift supervisor, Ryan, a doctor's note stating that I had suffered a seizure on July 12, 2009 and was out of work for that reason. He responded that I should provide the note to his mother, the General Manager of the restaurant, and also stated that because this was my second seizure I would likely lose my license. I responded that even if that did occur, I would have transportation to and from work. I then met with the General Manager, Jeri, and provided my doctor's note to her. She looked over the doctor's note and then told me that I was fired for an alleged "no call/no show" on June 23, 2009. At no time prior to July 14, 2009, when I provided the General Manager with my doctor's note regarding my seizure and absence from work, had I been disciplined for the alleged "no call/no show" of June 23, 2009. Since July 2009 I have suffered subsequent seizures and am presently on anti seizure medication. I believe that I was discharged because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

4/9/10
Date

*Mara M Dillon Holmes*
Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (10/04)

Received 04-09-10 10:43am From-8162838739 To-EEOC Page 003

**EXHIBIT A**

EEOC Form 161-B (11/09)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Mara N. Holmes  
3314 N. 59th Street  
Kansas City, KS 66104

From: Kansas City Area Office  
Gateway Tower II  
400 State Avenue  
Kansas City, KS 66101

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2010-00568 | Anna Wise, Investigator | (913) 551-5849 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice**. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)    *for* Billie I. Ashton, Director    (Date Mailed)

CC:   Korrie Crisman  
Human Resources  
CUTCHALL MANAGMENT CO. D/B/A FAMOUS DAVE'S  
14353 Q Street  
Omaha, NE 68137

Anne Schiavone  
Holman Schiavone, LLC  
4600 Madison  
Suite 810  
Kansas City, MO 64112

# EXHIBIT B